Dick A. Semerdjian (123630)
**SCHWARTZ SEMERDJIAN BALLARD & CAULEY, LLP**
101 West Broadway, Suite 810
San Diego, CA 92101
Telephone:  (619) 236-8821
Facsimile:  (619) 236-8827
das@ssbclaw.com

James A. Goniea, Esq. (170849)
AAMCO Transmissions, Inc.
201 Gibraltar Road
Horsham, PA 19044
Telephone: (267) 464-7262
jgoniea@americandriveline.com

Attorneys for Plaintiff AAMCO TRANSMISSIONS, INC.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AAMCO TRANSMISSIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANTONIO A. TROVATO; RICARDO S. TROVATO; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. '11 CV1386 WQH POR <br><br> COMPLAINT FOR BREACH OF FRANCHISE AGREEMENT, FRAUD AND DECEIT AND DECLARATORY RELIEF <br><br> **DEMAND FOR JURY TRIAL** |

## GENERAL ALLEGATIONS

1.     Plaintiff, AAMCO Transmissions, Inc. ("ATI"), is a Pennsylvania corporation, with its principal place of business located at 201 Gibraltar Road, Horsham, Pennsylvania 19044.

2.     Defendant, Antonio A. Trovato ("Trovato Sr."), is an adult individual and is a citizen of the State of California with a principal place of business at 3141 India Street, San Diego, CA 92103.

3.     Defendant, Ricardo S. Trovato ("Trovato Jr."), is an adult individual and the son of Trovado Sr.  Trovado Jr. is a citizen of the State of California with a principal place of business at 3141 India Street, San Diego, CA 92103.

-1-

COMPLAINT

4. This Court has diversity jurisdiction pursuant to 28 U.S.C.A. §1332 based upon the diverse citizenship of the parties and the amount in controversy which exceeds $75,000 exclusive of interest and costs.

5. Venue lies in this District pursuant to 28 U.S.C.A. §1391, in that the Defendants reside in this District, Defendants have transacted business with ATI continuously over the last several years in this District and the claims arise from a franchise business located in this District.

6. On July 23, 2004, ATI and Trovato Sr. entered into a franchise agreement, pursuant to which Trovato Sr. was authorized to use and has been using the name and mark "AAMCO" in connection with the operation of an automotive transmission repair center located at 3141 India Street, San Diego, CA 92103 ("Center"). A true and correct copy of this franchise agreement (the "Franchise Agreement") is attached hereto, marked as Exhibit "A" and incorporated herein by reference.

7. By way of an amendment to the Franchise Agreement, also dated July 23, 2004, Trovato Jr. was added as a co-franchisee to the Franchise Agreement. See amendment appended to the Franchise Agreement at Exhibit "A".

8. Under the Franchise Agreement, the Defendants are required to pay a weekly franchise fee to ATI calculated as a percentage of the previous week's gross business sales from the Defendants' Center. See Ex. "A" at § 3.1.

9. Along with their weekly franchise fee, Defendants' are required to submit to ATI an accurate weekly business report documenting the Center's sales. Defendants' weekly business report is used to calculate the weekly franchise fee. See Exhibit "A" at §§ 3.1 and 4.1.

10. Section 11.1 of the Franchise Agreement provides that:
Accounting Forms. Franchisee agrees to keep true and correct books and records according to directions of AAMCO, and to employ such recordkeeping systems as AAMCO may request. Franchisee agrees to promptly deliver to AAMCO records, reports and copies of tax returns which AAMCO may request. Franchisee agrees to use exclusively numerically certified work or repair orders provided by AAMCO. Franchisee further agrees to furnish to AAMCO bank

deposit slips, verification of cash receipts and any other documents or information requested by AAMCO as part of standard auditing procedures.

See Exhibit "A" (emphasis supplied).

11. ATI requires its franchisees, including Defendants, to use official AAMCO customer repair order receipts in their transactions with customers. Each repair order form has a control number assigned from ATI. ATI's franchisees, including Defendants, are required to attach copies of each customer repair order receipt they issue during the preceding week to their weekly business report.

12. On February 11, 2011, ATI was contacted by customer Vern Barney concerning a warranty problem he was having with the Defendants who had fixed his transmission at the Center.

13. Mr. Barney produced two (2) non-ATI authorized receipts issued by the Defendants to Mr. Barney which documented that Defendants were paid $2,400.00 for the repair transaction. Mr. Barney confirmed to ATI that these receipts were the only paperwork that he was provided by the Defendants in connection with the repair. See Ex. "B".

14. Defendants had not reported Mr. Barney's repair transaction to ATI and had not paid any franchise fee to ATI in connection with the transaction.

15. So that ATI may audit the Defendants' compliance with their reporting obligations, section 11.2 of the Franchise Agreement provides that:
Inspection of Records. AAMCO's representative may enter Franchisee's center to inspect books and records to verify the accuracy of Franchisee's reports. Franchisee agrees to keep its books and records available in the center at all times, or to make them available there upon request by AAMCO.
See Exhibit "A".

16. On February 22, 2011, ATI sent two (2) of its Field Auditors to the Center to inspect the books and records of the Defendants' Center business to verify the accuracy of Defendants' business reports submitted to ATI.

///

17.   During the course of the on site audit, ATI's auditors discovered two (2) non ATI approved receipt books in a drawer in the Center's office which contained receipts similar to the receipts provided by Mr. Barney.

18.   Upon discovering the receipt books, ATI's auditors requested to inspect and copy the receipt books, which request Defendants refused without any credible explanation.

19.   In a letter dated March 25, 2011, ATI notified Defendants that they were in breach of section 11.2 of the Franchise Agreement and required that Defendants cure the said breach within thirty (30) days or face termination of the Franchise Agreement without further notice. A true and correct copy of the said letter is attached hereto and made a part hereof at Exhibit "C".

20.   Defendants, through their attorney, Christopher J. Reichman, responded in a highly adversarial, four page, single spaced, letter dated April 22, 2011, which denied that ATI had any contractual or legal right to review Defendants' so-called "private" records. The letter went on to state that Defendants had, nevertheless, "enclosed the original ledger sheets that were requested in [ATI's] March 25, 2011 letter." A true and correct copy of Mr. Reichman's letter is attached hereto at Exhibit "D".

21.   The receipt books enclosed with Mr. Reichman's letter, referred to as "ledger sheets" by Mr. Reichman, contained certain receipts which ATI now knows to be bogus. The bogus receipts provided with Mr. Reichman's letter have been recreated to appear like the real receipts, which real receipts have not been provided by the Defendants to ATI.

22.   Upon information and belief, ATI avers that all of the so-called "original ledger sheets" provided in Mr. Reichman's letter are bogus, and that none of the receipts from the real receipt books have been provided by Defendants to ATI.

23.   Without the real receipt books, ATI has been denied its contractual right to inspect the Defendants' books and records to verify the accuracy of the Defendants' weekly business reports.

///

///

///

**FIRST CAUSE OF ACTION FOR BREACH OF FRANCHISE AGREEMENT**

(Against all Defendants)

24. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 23 above.

25. Defendants have a duty to provide true and correct weekly business reports to ATI and to pay the full franchise fee due and owing to ATI based thereon.

26. Defendants also have a duty to comply with ATI's contractual right to inspect Defendants' books and records to verify the accuracy of the Defendants' weekly business reports.

27. Defendants breached the Franchise Agreement by failing to report sales and pay the corresponding franchise fees due and owing to ATI.

28. Defendants further breached the Franchise Agreement when Defendants denied ATI's request to inspect their books and records at the Center.

29. After receiving from ATI written notice of their audit breach and an opportunity to cure, the Defendants again elected not to provide their real receipt books but instead provided bogus receipts to ATI.

30. As a result of Defendants' material breaches as above described, ATI has been damaged as follows:

    a. ATI has been underpaid franchise fees due and owing it under the Franchise Agreement, and

    b. ATI has been deprived of its contractual right to police and protect the integrity of its franchise system.

WHEREFORE, AAMCO Transmissions, Inc. respectfully requests that a judgment be entered in its favor and against Defendants Antonio A. Trovato and Ricardo S. Trovato, in an amount to be determined but believed to be in excess of Seventy five thousand dollars ($75,000.00).

///

///

///

COMPLAINT

## SECOND CAUSE OF ACTION FOR FRAUD AND DECEIT

(Against all Defendants)

31. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 32 above.

32. Defendants have a duty to provide true and correct weekly business reports to ATI and pay to ATI the corresponding franchise fees due thereon.

33. Defendants have a duty to provide true and correct books and records to ATI so that ATI can verify the accuracy of the Defendants' weekly business reports and the corresponding franchise fees due thereon.

34. Defendants knowingly submitted an understated weekly business report to ATI and knowingly underpaid franchisee fees due and owing to ATI with the hope and intent that ATI would rely on the understated business report as being accurate and would accept the underpayment of franchise fees as full payment, which ATI did.

35. Defendants further knowingly withheld receipts which they were required to produce under their audit obligations under the Franchise Agreement and, instead, provided bogus receipts with the hope and intention that ATI would rely to its detriment on the bogus receipts.

36. ATI, at least initially, did rely on Defendants' above mentioned fraudulent actions to its detriment.

37. As a result of Defendants' material breaches as above described, ATI has been damaged as follows:

    c. ATI has been underpaid the franchise fees due and owing it under the Franchise Agreement, and

    d. ATI has been deprived of its contractual right to police and protect the integrity of its franchise system.

WHEREFORE, AAMCO Transmissions, Inc. respectfully requests that a judgment be entered in its favor and against Defendants Antonio A. Trovato and Ricardo S. Trovato, in an amount to be determined in excess of Seventy five thousand dollars ($75,000.00).

-6-

COMPLAINT

## THIRD CAUSE OF ACTION FOR DECLARATORY JUDGMENT

(Against all Defendants)

38. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 37 above.

39. Pursuant to 28 U.S.C. §2201 and California Code, §1060, this Court has jurisdiction to determine disputes between ATI and Defendants concerning the validity, formation, operation and termination of the Franchise Agreement.

40. A dispute exists between ATI and Defendants as to whether Defendants are in default of the Franchise Agreement and as to whether ATI may terminate the said agreement.

41. ATI has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendants.

42. ATI has properly determined that Defendants have violated the Franchise Agreement as Defendants have, inter alia breached the Franchise Agreement and engaged in fraudulent and deceptive practices by under reporting their sales and underpaying their franchise fees and refusing to comply with their audit obligations.

43. ATI did properly notify Defendants of their default and did provide Defendants with a reasonable and lawful period of time to cure the default, during which period Defendants did not cure their default.

44. Pursuant to the Franchise Agreement and California law, ATI may terminate the Franchise Agreement for one or more of the breaches set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff AAMCO Transmissions, Inc. respectfully requests:

**AS TO THE FIRST CAUSE OF ACTION:**

1. For an award of consequential, compensatory and actual damages for Breach of Contract;

2. That this Court award it's attorney's fees and litigation expenses and costs;

3. For such other and further relief as the Court may deed just and proper.

///

COMPLAINT

**AS TO THE SECOND CAUSE OF ACTION:**

1. For an award of general and compensatory and actual damages for Fraud and Deceit;
2. For punitive damages;
3. For such other and further relief as the Court may deed just and proper.

**AS TO THE THIRD CAUSE OF ACTION:**

1. For a judgment in its favor and a declaration that the Franchise Agreement is valid;
2. ATI has fulfilled all of its obligations under the Franchise Agreement;
3. That ATI properly notified Defendants of their default,
4. That ATI provided Defendants with a reasonable and lawful period of time to cure their default,
5. Defendants did not cure their default within the cure period,
6. ATI may lawfully terminate Defendants under the Franchise Agreement and California law for one or more of the breaches described in the above set forth Counts of this Complaint; and
7. For such other and further relief as the Court may deed just and proper.

DATED:   June 16, 2011

**AAMCO TRANSMISSIONS, INC., AND**

**SCHWARTZ SEMERDJIAN BALLARD & CAULEY, LLP.**

By: _____
Dick A. Semerdjian
Attorneys for Plaintiff AAMCO TRANSMISSIONS, INC., LLC

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
AAMCO Transmissions, Inc.

**DEFENDANTS**
Antonio A. Trovato; Ricardo S. Trovato

2011 JUN 22 PM 3:02

(b) County of Residence of First Listed Plaintiff **Montgomery**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Schwartz Semerdjian Ballard & Co. LLP
101 W. Broadway
Suite 810
San Diego, CA 92101
619/236-8821

Attorneys (If Known)

**'11 CV 1386 WQH   POR**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [X] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 365 Personal Injury - Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability / PERSONAL PROPERTY / 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 371 Truth in Lending | 690 Other | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury / 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| [X] 196 Franchise | | 730 Labor/Mgmt. Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 510 Motion to Vacate Sentence | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | Habeas Corpus: | FEDERAL TAX SUITS | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | 871 IRS - Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | 550 Civil Rights / 555 Prison Condition | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights | IMMIGRATION | | |
| | | 462 Naturalization Application | | |
| | | 463 Habeas Corpus - Alien Detainee | | |
| | | 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C.A. Section 1332

Brief description of cause:
Breach of Agreement

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: June 22, 2011
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 27615   AMOUNT $350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____
06-22-11

CSDJS44

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS027615
Cashier ID: nsiefken
Transaction Date: 06/22/2011
Payer Name: SCHWARTZ SEMERDJIAN
----------------------------------
CIVIL FILING FEE
 For: SCHWARTZ SEMERDJIAN
 Case/Party: D-CAS-3-11-CV-001386-001
 Amount:         $350.00
----------------------------------
CHECK
 Check/Money Order Num: 30071
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```