Dick A. Semerdjian (123630)
SCHWARTZ SEMERDJIAN BALLARD & CAULEY, LLP.
101 West Broadway, Suite 810
San Diego, CA 92101
Telephone: (619) 236-8821
Facsimile: (619) 236-8827
das@ssbclaw.com

James A. Goniea, Esq. (170849)
AAMCO Transmissions, Inc.
201 Gibraltar Road
Horsham, PA 19044
Telephone: (267) 464-7262
jgoniea@americandriveline.com

Attorneys for Plaintiff AAMCO TRANSMISSIONS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| AAMCO TRANSMISSIONS, INC., | Case No. 2011-cv-1386 WQH POR |
|---|---|
| Plaintiff, | |
| v. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS, STRIKE AND FOR A MORE DEFINITE STATEMENT** |
| ANTONIO A. TROVATO; RICARDO S. TROVATO; and DOES 1-10, inclusive, | |
| | DATE: 9/12/2011 |
| | TIME: 11:00 a.m. |
| Defendants. | COURTROOM: 4 |
| | JUDGE: Hon. William J. Hayes |

## TABLE OF CONTENTS

I. INTRODUCTION..................................................................................................1

II. STATEMENT OF FACTS.................................................................................... 2

   A. "Who" committed the Fraud? ........................................................................... 2

   B. What" are the fraudulent acts complained of in the Complaint ...........................2

   C. "When" did the occurrences giving rise to the claims in the Complaint occur? ............ 3

   D. "Where" did the occurrences giving rise to ATI's claims take place? ....................... 3

   E. "How" were the fraudulent acts perpetrated? ........................................................4

III. STANDARD OF REVIEW..................................................................................4

IV. ARGUMENT........................................................................................................5

   A. ATI's Fraud Claim (Count II) Complies with Fed.R.Civ.P. 9(b).........................5

   B. ATI's Breach of Contract Claim (Count I) is sufficiently pled .........................6

   C. The Complaint does NOT reference any Settlement Communications.....................7

V. CONCLUSION.....................................................................................................8

## TABLE OF AUTHORITIES

**CASES**

*Assoc. for L.A. Deputy Sheriffs v. County of L.A.*, 2011 WL 3524129 (9th Cir. 2011)............4, 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)......................................................................6

*Cousins v. Lockyer*, 568 F.3d 1063 (9th Cir. 2009).....................................................................4, 6

*E & E Co., Ltd. v. Kam Hing Enterprises, Inc.*, 2011 WL 1480047 (9th Cir. 2011)....................5

*Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F.Supp.2d 1095 (C.D. Cal. 2006)..........5

*Jordan v. Paul Financial, LLC*, 745 F. Supp.2d 1084 (N.D. Cal. 2010)......................... .... 5

*Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035 (9th Cir. 2010).....................5

*U.S. v. Corinthian Colleges*, 2011 WL 3524208, *10 (9th Cir.  2011)......................................4

**STATUTES**

Fed. R.Civ.P. 8(a)................................................................................................................1, 6

Fed.R.Civ.P. 9(b)................................................................................................................5, 6

Fed.R.Civ.P. 12.......................................................................................................................4

Fed.R.Evid. 408..................................................................................................................7, 8

## I. INTRODUCTION

This case arises from a dispute between Plaintiff AAMCO Transmissions, Inc. ("ATI"), a franchisor of automotive repair centers, and Defendants Antonio Trovato and Ricardo Trovato (the "Trovatos"), a father and son team of franchisees who currently own and operate an AAMCO franchise at 3141 India Street, San Diego, CA 92103 ("Center"). After fielding a customer complaint from one of the Center's customers and performing an audit of the Center, ATI discovered that the Trovatos intentionally underreported Center sales to ATI and are withholding secret receipt books that document unreported repairs. On June 22, 2011, ATI filed a Complaint alleging three (3) counts against the Trovatos – i.e., Breach of Contract, Fraud and Declaratory Judgment (seeking a declaration that ATI may properly terminate the Trovatos' franchise).

In response, the Trovatos have filed the instant Motions to Dismiss Complaint[1], Strike Improper Allegations and for a More Definite Statement. The Trovatos' lead argument states that ATI's fraud claim (Count II) should be dismissed because ATI's "allegations are conclusory and do not meet the pleading requirements". This argument however must fail because ATI's Complaint succinctly sets forth the "who", "what", "when", "where", and "how" of ATI's fraud claims such that the Trovatos *clearly* can defend against ATI's charges of fraud without just denying that they did anything wrong. The Trovatos next argue that ATI's breach of contract claims (Count I) should be dismissed or supplemented with a more definitive statement because, in their opinion, the requested damages are not in proportion with the conduct alleged. (Motion, 6:1-7) This argument must fail because ATI's breach of contract claims more than meet the pleading requirements of Federal Rule of Civil Procedure 8(a) which defines what is required to state a proper claim for relief. Finally, the Trovatos argue that their attorney's letter, which claims

---

[1] Although the motion heading reads "MOTION TO DISMISS PLAINTIFF'S COMPLAINT," in the motion itself, Defendants only argue that certain portions of the Complaint be dismissed. For example, Defendants' motion makes no reference at all to ATI's count for Declaratory Judgment.

to provide the receipts demanded by ATI, should be stricken because the letter is a "settlement communication" pursuant to Federal Rule of Evidence 408. Contrary to this argument, however, the letter provided no "valuable consideration" and was not made in the course of "compromise negotiations." Defendants' motions are without basis and should be denied.

## II.  STATEMENT OF FACTS

The facts at issue for purposes of the pending motions are set forth in the Complaint (ecf doc. no. 1) and are marshaled below for the Court's convenience.

### A.  "Who" committed the Fraud?

The Complaint identifies the contractual relationship between ATI as franchisor and the Trovatos as co-franchisees with the shared obligation to submit accurate weekly business reports to ATI. (Complaint 2:8-22) The Complaint further alleges that both the Trovatos intentionally understated Center sales, intentionally withheld customer receipts and intentionally submitted bogus customer receipts to ATI. (Complaint 6:10-17) Succinctly stated, the Complaint alleges that both Defendants committed each of the fraudulent acts complained of in the Complaint.

### B.  "What" are the fraudulent acts complained of in the Complaint?

The Complaint identifies with particularity the unreported customer transaction at issue. Specifically, the Complaint sets forth the name of the customer involved, the cost of the repair and attaches as an exhibit a copy of the customer's receipts. (Complaint 3:9-17, Ex. B) The Complaint succinctly states this fraud claim as follows:

> Defendants knowingly submitted an understated weekly business report to ATI and knowingly underpaid franchise fees due and owing to ATI with the hope and intent that ATI would rely on the understated business report as being accurate and would accept the underpayment of franchise fees as full payment, which ATI did.

(Complaint 6:10-13)

The Complaint also describes the specific act of fraud depriving ATI of its contractual right to police and protect the integrity of its franchise system. As described with particularity in

the Complaint, although the Trovatos represented to ATI that they provided through their attorney the actual receipt books that they initially refused to provide (Complaint 4:10-15), the receipt books they provided were, in reality, "bogus" – i.e., "recreated to appear like the real receipts, which real receipts have not been provided by the Trovatos to ATI." (Complaint 4:16-22) ATI alleged this aspect of its fraud claim as follows:

> Defendants further knowingly withheld receipts which they were required to produce under their audit obligations under the Franchise Agreement and, instead, provided bogus receipts with the hope and intention that ATI would rely to its detriment on the bogus receipts.

(Complaint 6:14-17) The Complaint describes with particularity the fraudulent acts at issue so that Defendants can meaningfully respond to them.

### C. "When" did the occurrences giving rise to the claims in the Complaint occur?

The Complaint gives specific dates for all material occurrences giving rise to ATI's claims against Defendants.

| Date | Occurrence | Citation in Complaint |
|---|---|---|
| "July 23, 2004" | Franchise Agreement entered | 2:8-16 |
| "1-31-11" and "2-7-11" | Defendants' transactions with customer | 3:15. Ex. "B" (attached) |
| "February 11, 2011" | customer contacts ATI | 3:9-11 |
| "February 22, 2011" | ATI auditors perform audit at Center | 3:25-27 |
| "March 25, 2011" | ATI's breach letter | 4:6-9 |
| "April 22, 2011" | Defendants' attorney letter enclosing bogus receipt books | 4:10-15 |

### D. "Where" did the occurrences giving rise to ATI's claims take place?

The Complaint specifically identifies the Center location (i.e., "3141 India Street, San Diego, CA 92103") as the location where the franchise is located and where the onsite audit at

issue took place and the unauthorized receipt books were discovered. (Complaint 2:8-13, 3:25-4:3).

### E. "How" were the fraudulent acts perpetrated?

The Complaint contains the following factual averments that spell out how the fraudulent acts against ATI were perpetrated. The Trovatos repaired customer Barney's car but did not issue Mr. Barney an ATI authorized repair order receipt; instead a non authorized receipt was issued to Mr. Barney. (Complaint 3:4-8, 12-15) The Trovatos did not report the transaction to ATI, or pay any franchise fee to ATI on the transaction.[2] (Complaint 3:16-17) ATI performed an onsite audit at the Center and discovered two (2) unauthorized receipt books of the type given to customer Barney. (Complaint 4:1-3) After initially refusing to provide the non-authorized receipt books for inspection, the Trovatos, through their attorney, provided bogus receipt books which they claimed were the "original" unauthorized receipt books. (Complaint 4:4-5, 10-19).

### III. STANDARD OF REVIEW

Defendants bring their motions under Federal Rule of Civil Procedure 12 seeking an order that ATI's Complaint be dismissed in part, stricken in part, and/or re-pled with more particularity. On a Rule 12 motion to dismiss, the court accepts all factual allegations in the complaint as true, construes the pleadings in a light most favorable to the nonmoving party and draws all reasonable inferences in favor of plaintiff. *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles*, --- F.3d ---, 2011 WL 3524129 (9th Cir. 2011), *see also Cousins v. Lockyer*, 568 F.3d 1063 (9th Cir. 2009). Further, the court may consider all "materials that are submitted with and attached to the Complaint." *U.S. v. Corinthian Colleges*, --- F.3d ---, 2011 WL 3524208, *10 (9th

---

[2] Defendants make much out of the "had not" wording in the Complaint and use it as a pretext to improperly argue that Defendants subsequently cured their fraud by attaching a copy of a business report and check dated "2/26/11" (i.e., four days *after* ATI's onsite audit). Contrary to this back door argument, however, Defendants cannot now "un-ring the bell" and argue there is no fraud because – as they allege – they reported the transaction and paid the franchise fee owing to ATI 4 days after they were confronted with their fraudulent acts.

4

Cir. 2011). In situations where a pleading is found insufficient, the standard for granting leave to amend is generous. *Id*. Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by amendment. *Id*.

### IV. ARGUMENT

**A.     ATI's Fraud Claim (Count II) Complies with Fed.R.Civ.P. 9(b).**

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). In order to plead fraud with particularity, the complaint need only allege the time, place, and content of the fraudulent representation. *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035 (9th Cir. 2010). An allegation of fraud must be averred with enough particularity to give specific notice to defendants of misconduct so that they can adequately defend against the charge and not simply offer a general denial. *Jordan v. Paul Financial, LLC*, 745 F. Supp.2d 1084 (N.D. Cal. 2010). The requirement of specificity can be relaxed where matters are within the opposing party's knowledge, because in such situations, plaintiffs cannot be expected to have personal knowledge of the relevant facts. *E & E Co., Ltd. v. Kam Hing Enterprises, Inc.*, 2011 WL 1480047 (9th Cir. 2011), *Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F.Supp.2d 1095 (C.D. Cal. 2006).

In the instant case, the Complaint meets the pleading requirements of Rule 9(b). Indeed the Complaint sets forth with particularity the "who", "what", "when", "where", and "how" of ATI's fraud claims such that the Trovatos undeniably have specific notice of the misconduct alleged against them. Where a Complaint contains alleged facts responsive to all of these questions (i.e., "who", "what", "when", "where", and "how"), Rule 9(b)'s heightened pleading requirements are satisfied. *See E & E Co., Ltd.*, 2011 WL 1480047 at *1. Specifically, the Ninth Circuit Court in reaching it's holding in *E & E Co., Ltd.* underwent the following analysis:

> The district court erred in finding that E&E's complaint failed to allege fraud with particularity. E&E identified the parties to the corporate fraud (who); explained the alleged conduct which occurred illegally (what); set out the time period in which the fraud was conducted (when); set out the location of the defendants, shell corporations, and fraudulent filings (where); and described how the alleged fraud was conducted (how). Therefore, E&E's complained satisfied Rule 9(b)'s heightened pleading requirements.

*Id*. Using the same analysis herein, ATI has complied with the heightened pleading requirement of Rule 9(b). Accordingly, Defendants' motion attacking Count II of the Complaint should be denied.

### B.   ATI's Breach of Contract Claim (Count I) is sufficiently pled.

The Trovatos argue in their second argument that ATI's breach of contract count is insufficient under the Supreme Court's holding in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (Holding that a complaint will survive a motion to dismiss provided the complaint contains sufficient factual allegations to raise a right to relief above the speculative level, *on the assumption that all the allegations in the complaint are true* even if doubtful in fact).  Under this standard, the Breach of Contract count in ATI's Complaint is undeniably sufficient.  While Defendants clearly want to challenge the veracity of a portion of the breach claim, they have knowingly chosen a legally improper way to do so.  With respect to the pending motion, controlling law requires that the Court accept all factual allegations in the Complaint as true. *See Association for Los Angeles Deputy Sheriffs v. County of Los Angeles*, --- F.3d ---, 2011 WL 3524129 (9th Cir. 2011), *see also Cousins v. Lockyer*, 568 F.3d 1063 (9th Cir. 2009).

Federal Rule of Civil Procedure 8, entitled "General Rules of Pleading" provides in relevant part that "[a] pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief; and…a demand for the relief sought". Fed.R.Civ.P. 8(a).  It is beyond any reasonable dispute that ATI's Complaint alleging breach of contract (Count I) complies with both Rule 8(a) and the holding in *Twombly*.  As plainly set forth in the Complaint, the Defendant Trovatos breached their contractual obligation to ATI in

two ways; by (1) "failing to report sales and pay the corresponding franchise fee due and owing to ATI" (Complaint 5:9-10), and (2) "deny[ing] ATI's request to inspect their books and records at the Center." (Complaint 5:11-12)  ATI then identified the harm it incurred from these breaches; i.e., that it had been (1) "underpaid the franchise fees due and owing it under the Franchise Agreement" and (2) "deprived of its contractual right to police and protect the integrity of its franchise system." (Complaint 5:16-21)

Because the Complaint is pled in proper form, and because the facts alleged in the Complaint must be taken as true for purposes of ruling upon the motion Defendants elected to bring at this time, the Trovatos' motion to dismiss/re-plead Count I of the Complaint should be denied.

### C. The Complaint does NOT reference any Settlement Communication.

In the Trovatos' final argument they argue that the Complaint's reference to their attorney's letter dated March 25, 2011, should be stricken because such reference violates Federal Rule of Evidence 408.  Rule 408 provides in relevant part that evidence of the following is not admissible:

> (1) furnishing or offering or promising to furnish…a valuable consideration in compromising or attempting to compromise the claim; and
> (2) conduct or statements made in compromise negotiations regarding the claim….

Fed.R.Evid. 408(a).  Clearly, as a plain reading of the Complaint makes evident, the letter did not furnish any "valuable consideration".  To the contrary, the letter furnished bogus receipt books. (Complaint 4:16-22)  These bogus receipt books are a part of ATI's fraud claims, and reference to the letter and the receipts in the Complaint was necessary to give specific notice to Defendants so that they could adequately defend against ATI's fraud charge.[3]  Moreover, it is simply not accurate

---

[3] Indeed, if ATI had not included reference to the letter, Defendants could have argued that such omission violated ATI's heightened pleading requirement under Fed.R.Civ.P 9(b).

7
RESPONSE TO MOTIONS TO DISMISS, STRIKE AND FOR A MORE DEFINITE STATEMENT
11-CV-1386 WQH POR

to characterize the circumstances by which the bogus receipt books were provided as being "in compromise negotiations". As stated in the Complaint, the Trovatos were obligated under the Franchise Agreement to allow ATI to inspect unauthorized receipt books discovered in the Center during the audit. (Complaint 3:18-23) ATI issued a default notice demanding that the Trovatos immediately provide the receipt books for inspection. (Complaint 4:6-9) After receiving same, the Trovatos pretended to comply. (Complaint 4:10-19) There were no compromise negotiations involved. Accordingly, Rule of Evidence 408 does not apply, and Defendants' motion to strike should be denied.

## V.  CONCLUSION

Based upon the foregoing arguments and authorities, Plaintiff AAMCO Transmissions, Inc. respectfully requests this Honorable Court enter an Order denying the pending Motions of Defendants.

                                                  Respectfully Submitted,

DATED:    August 29, 2011        AAMCO TRANSMISSIONS, INC.,

                                                  &

                                                SCHWARTZ SEMERDJIAN BALLARD & CAULEY, LLP.

                                                  /s/ Dick A. Semerdjian
                                       By:  Dick A. Semerdjian
                                             Attorneys for Plaintiff AAMCO
                                             TRANSMISSIONS, INC., LLC