1  Christopher J. Reichman, SBN 250485
   Justin Prato SBN 246968
2  **PRATO & REICHMAN, APC**
   3737 Camino del Rio South, Suite 303
3  San Diego, California 92108
   Telephone: 619-516-3300
4  Facsimile: (619) 255-8620

5

6  Attorneys for Defendants,
   Antonio A. Trovato, Ricardo S. Trovato

7

8

9  ## UNITED STATES DISTRICT COURT

10 ## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11 **AAMCO TRANSMISSIONS, INC., a
   Pennsylvania Corporation,**                    CASE NO. 2011-cv-1386 WQH POR

12                                                 **DEFENDANTS' JOINT REPLY TO
                **Plaintiff,**                     PLAINTIFF'S OPPOSITION TO
13                                                 MOTION TO DISMISS PLAINTIFF'S
        **vs.**                                    COMPLAINT AND MOTION TO
14                                                 STRIKE IMPROPER ALLEGATIONS
   **ANTONIO A. TROVATO, RICARDO**                 UNDER FED.R.CIV.P 9(b), 12(b)(1),
15 **S. TROVATO, and DOES 1 through 10,**          12(b)(6), 12(f) AND MOTION FOR
   **inclusive,**                                  MORE DEFINITE STATEMENT
16                                                 UNDER 12(e); MEMORANDUM OF
                **Defendants.**                    POINTS AND AUTHORITIES.
17

18
                                                   Judge:  Hon. William Q. Hayes
19

20 ///

21

22 ///

23

24

25 ///

26

27

28 ///

1

1

# **TABLE OF CONTENTS**

I.  ATI'S Fraud Claim Does Not Plead Facts With The Particularity Or Specificity Required By F.R.C.P. (9)(b). …………………………………………….………………….....4

II.  ATI'S Breach Of Contract Claims Needs To Be Stated More Definitely To Determine What Particular Activities They Are Imputing To Which Actors. …………………………7

III.  ATI'S Opposition Did Not Address The Motion To Dismiss The Breach Of Contract Claim Predicated Allegations Of Violation Of An Inspection Clause At All. ……………...8

IV.  ATI'S Inclusion Of A Settlement Letter Is Based Wholly On Their Unsubstantiated Opinions Regarding The Adequacy Of Consideration Offered And Their Contract Interpretation. …………………………………………….…………………………9

V. Conclusion…………………………………………….………………………...10

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **TABLE OF AUTHORITIES**

2

CASES

3

4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)……………………………………………7

*Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir., 2011)……………………………….………4

*DiVittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242, 1247-48 (2d Cir.1987)...6

*In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir., 1994) (*en banc*)……………..5

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1122 (9th Cir., 2009)……………………….……..5

*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir.1989)………………6

*Neubronner v. Milken*, 6 F.3d 666, 668 (9th Cir., 1993)……………………………………6

*Wool v. Tandem Computers Inc.*, 818 F.2d 1433, 1439 (9th Cir., 1987)……………………6

*Yourish v. California Amplifier,* 191 F.3d 983, 993 (9th Cir., 1999) ……………....……..5

*Perrymon v. Bullis*, 2010 WL 189047 at *7 (Cal. Ct. App., 2010)…………………………9

5

6

7

8

9

10

11

12

13

14

15

16

17

18

STATUES

19

20

Fed.R.Civ.P. 9(b)…………………………………………………………...4, 5, 6, 7

Fed.R.Evid. 408…………………………………………………………………9, 10

21

22

23

24

25

26

27

28

**I. ATI's Fraud Claim Does Not Plead Facts With The Particularity Or Specificity Required By F.R.C.P. (9)(b).**

Plaintiff AAMCO Transmissions, Inc. ("ATI") in their opposition seems to think that Fed. Rule Civ. Proc. 9(b) requires nothing more than a vague pleading of "who, what , when, where, and how" for a valid fraud claim.  They offer no legal support for substituting this grade school analysis for the simple words of the rule and the cases interpreting it which require not only that facts be plead, but that they be plead with particularity.  Every major case ruling on what particularity is needed to plead an element of fraud other than intent requires more than vague non-specific allegations.

For example, non-specific allegations that "Defendants had not reported" a transaction nor paid franchise fees, does not actually state which particular Defendant allegedly did or said something false.  *See*, *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir., 2011) (expressly disallowing "everyone did everything" allegations), Complaint 3:16-17.  The same is true of the Complaint's allegation that both the Defendants collectively and somehow jointly refused to allow inspection of their confidential personal ledgers and then somehow they collectively made them "bogus".  Complaint 4:1-22.  Plaintiff seems to forget that it is attacking two of its franchisees without stating which one of them undertook any of the alleged actions in the Complaint.

Nor does the Complaint specify any of the particulars of the alleged misrepresentation by failing to report a repair job.  The supposedly false report is not attached and no specific details of what was omitted or included and what is generally omitted and included were plead, let alone why this is material and what facts allegedly induced reliance on it.  *See*,

1

2    *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1122 (9th Cir., 2009) ("[n]owhere...does

3    [Plaintiff] specify what the television advertisements or other sales material specifically

4    stated…when he was exposed to them or which ones he found material. [Plaintiff] also

5    failed to specify which sales material he relied upon …).   Plaintiff does not say what type

6    of report made this omission, when it was due or tendered, what was actually on it, or

7    anything about this supposed report.  *See*, Complaint 3:16-17 (for omission of particular

8    fact).  In fact, Plaintiff is intentionally obfuscatory as to the timing, pleading that

9    Defendants "had not" reported a one repair job and "had not" paid the franchise fee, and

10   failing to give any dates or timelines whatsoever.  Complaint 3:16-17.  This is hardly

11   pleading facts with particularity and F.R.C.P. 9(b) was specifically written to avoid

12   impugning people's reputation with just such flimsy stuff.

13        The allegations of the Complaint equally fail to state with any specificity why Plaintiff

14   thinks the representations made are actually false.   *Yourish v. California Amplifier,* 191

15   F.3d 983, 993 (9th Cir., 1999), *quoting, In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548

16   (9th Cir., 1994) (*en banc*) ("[P]laintiff must set forth an explanation as to why the statement

17   or omission complained of was false or misleading").  Instead of pleading with particularity,

18   Plaintiff elected to try to influence the Court using vague inflammatory terms like "bogus"

19   instead of alleging actual facts.  Complaint 4:16-22.  Plaintiff's naked allegation that it

20   thinks the ledger sheets given are not the originals utterly fails to specify any facts as to why

21   it thinks they are "bogus".

22        In fact, we can't even be sure if Plaintiff thinks they are actually "bogus" since

23   Plaintiff plead this allegation on information and belief.  And naked information and belief

24   allegations are in themselves insufficient to meet the pleading with particularity

25

26

27

28

requirements of F.R.C.P. 9(b).  "[A] plaintiff who makes allegations on information and belief must state the factual basis for the belief."  *Neubronner v. Milken*, 6 F.3d 666, 668 (9th Cir., 1993), *citing*, *Wool v. Tandem Computers Inc.*, 818 F.2d 1433, 1439 (9th Cir., 1987); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir.1989); *DiVittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242, 1247-48 (2d Cir.1987). Here ATI pleads no factual basis for its belief that the private ledgers he was graciously given access to are "bogus", "recreated" or in some other vague way adulterated.  In fact, there are literally no facts plead that would indicate the ledgers are anything other than original or that ATI was deprived of any monies whatsoever other than on some vague "had not" paid basis.

"[F.R.C.P.] 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints as a pretext for the discovery of unknown wrongs; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1122 (9th Cir., 2009) [internal quotations omitted].  This Complaint does not provide adequate noticedue to its vagueness and ofuscatory pleading.  It is a pretext for a fishing expedition in discovery and does so while harming the Trovatos' reputations at great economic cost to them.  The fraud claims should be dismissed without leave to amend because it is clear from the artful pleading by a seasoned litigator that if ATI could have written a viable fraud claim it would have.

1

2

**II.  ATI'S Breach Of Contract Claims Needs To Be Stated More Definitely To Determine What Particular Activities They Are Imputing To Which Actors.**

3

4

5        While the pleading requirements of the Breach of Contract claims under *Twombley* are

6   not the same as those required for fraud under F.R.C.P. 9(b), the same intentional vagueness

7   and confusion in pleading makes a more definite statement advisable.  See, *Bell Atlantic*

8   *Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*").  The problem of which Defendant is

9

10  being accused of committing which particular factual allegation discussed above makes

11  responding especially difficult.  And the intentional use of vague tense and terms about

12  whether an allegedly understated report "had not" been made or is still outstanding, or has

13  actually been at some certain time later renders that claim nearly incomprehensible.  The

14  lack of any pleading of actual fact regarding why Defendant seems to think the ledgers

15  provided are somehow "bogus"—whatever that may mean—makes it nearly impossible to

16  discern what particular bad acts ATI is imputing here.  Furthermore, ATI pleads no reason

17  why it thinks private and confidential personal ledgers that merely happened to be on a

18  franchise premises are within the scope of the franchise agreement's audit clause, and the

19

20  Defendants should not be asked to answer by guessing at their reasoning.

21

22        ATI also alleges no facts as to how its small percentage franchise fee on what it claims

23  is a $2,400 repair order could possibly rise to a dispute of over $75,000.  Complaint, 3:12-

24  15, 5:22-25.  Defendant's cannot be expected to respond to a claim that so much of their

25  money is put at risk by what ATI admits in its pleadings is such a small affair.

26        A Motion For More Definite Statement is a relatively benign tool to compel revision

27  and sharpen the pleadings of a Complaint to determine if a meritorious claim can be stated.

28

Defendants here have not moved to dismiss these claims, only asked that they be stated with more specific facts and less conclusions and vague allusions of suspicion so that if there is a claim they can respond to it.

### III.  ATI'S Opposition Did Not Address The Motion To Dismiss The Breach Of Contract Claim Predicated Allegations Of Violation Of An Inspection Clause At All.

Defendants' instant motion noted that the Complaint included the franchise agreement clause indicating what sort of papers and books a franchisee must keep and that the inspection or audit clause is limited to these papers and books.  Motion to Dismiss, Points And Authorities, 7:1-21.  Plaintiff in its Opposition failed to address this fatal flaw in its Complaint and by silence has conceded the point.  In any event Defendants reiterate that the clause defining the papers an AAMCO franchisee is obligated to keep defines the scope of what ATI can audit.  ATI cannot claim a breach of its audit clause for not being provided with papers not contemplated in its audit clause.  Therefore, in the absence of any opposition whatsoever, Defendants request that the Court dismiss the breach of contract claim predicated on breach of the inspection/audit clause without leave to amend.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1
2
3
4
5

**IV.  ATI'S Inclusion Of A Settlement Letter Is Based Wholly On Their Unsubstantiated Opinions Regarding The Adequacy Of Consideration Offered And Their Contract Interpretation.**

6
7
8
9
10
11
12
13
14
15
16

ATI's cursory analysis of Fed. Rule Evid. 408 simply does not take into account the actual language of the rule or the broadness with which it is usually interpreted.  Plaintiff claims that it can attach an attorney's communication to its Complaint simply because Plaintiff does not believe the consideration offered is valuable.  Opposition 7:21-23.  While the Court may have to take the allegations of the Complaint—that the books are allegedly "bogus"—as true for purposes of a Motion to Dismiss, it certainly does not have to make any such inference with regard to a Motion to Strike raised under F.R.E. 408.  When it comes to potentially excludable evidence, caution is the more sensible approach and there is no excuse for appending such a letter to the Complaint.

17
18
19
20
21
22
23
24
25
26

On the same flimsy basis of ATI's naked allegation of "bogus", ATI argues that the letter is not madde in settlement because ATI believe the ledgers are not adequate consideration within the meaning of F.R.E. 408.  The age old rule of contract law concerning the value of consideration is that Courts do not examine the relative value of consideration, that all the law requires is a "mere peppercorn of consideration".  *See*, *e.g. Perrymon v. Bullis*, 2010 WL 189047 at *7 (Cal. Ct. App., 2010).  Again, this ought to have counseled caution and a presumption against inclusion rather than attachment to a Complaint.

27
28

Finally, ATI haughtily declares that it believes the letter could not have been in settlement since ATI believes it is entitled to Ricardo Trovato's personal and confidential

ledgers that contain information that has nothing to do with his AAMCO franchise.

No matter whether Plaintiff thinks it was entitled to the ledgers, the letter itself clearly states

that there is a conflict between the parties on this issue and that it is offering a compromise.

Furthermore, there is little doubt that a letter between counsel stating a legal position and

attempting to settle a case immediately proceeding commencement is a protected settlement

communication within the meaning of FRE 408.  And all of this should have yet again

counseled caution instead of brazen attachment to the Complaint.

　　　Whether the attorney's letter trying to diffuse a dispute is publicly admissible should

be the subject matter of an evidentiary motion.  It certainly should not be attached to a

Complaint.  Defendant's claim that failure to attach the letter would open them up to a

pleading attack is specious since they could have factually plead the date and time they were

given the ledger without reference to the letter.  And the egregious characterization of the

letter as "highly adversarial" is functionally unnecessary since the letter was in fact attached

and the reader could form his or her own judgments, and is clearly added as yet another slur

and attempt to impugn character rather than plead actual fact.  In fact the allegations relating

to the letter is vaguely plead to try to impute some sort of vague sense the attorney was "in

on it", whatever the "bogus" it was.  It is purely argumentative and reference to the letter

and the letter itself should clearly be stricken from the Complaint.


**V. Conclusion**

　　　For all the foregoing reasons Defendants hereby respectfully requests that the Court:

1) Dismiss without leave to amend ATI's cause of action for fraud; 2) Dismiss without

leave to amend ATI's breach of contact action to the extent it complains of a supposed

violation of the inspection clause; 3) Require ATI to make a more definite statement of its

breach of contract action to the extent it complains of under-reporting and/or underpaying

franchise fees and any other breach theories therein which cannot at this time be deciphered;

and, 4) Strike all reference to the letter of Mr. Christopher Reichman and strike said letter as

Exhibit "D" of the Complaint.


DATED: 9/6/11                                    PRATO & REICHMAN, APC


                                           By: /s/ Christopher J. Reichman_____
                                               Christopher J. Reichman Esq.
                                               Attorneys for Defendants
                                               ANTONIO A. TROVATO,
                                               RICARDO S. TROVATO