# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AAMCO TRANSMISSIONS, INC., | CASE NO. 11cv1386-WQH-POR |
| Plaintiff, | ORDER |
| vs. | |
| ANTONIO A. TROVATO; RICARDO S. TROVATO; and DOES 1-10, inclusive, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Plaintiff's Complaint and Motion to Strike Improper Allegations and Motion for More Definite Statement ("Motion to Dismiss"), filed by Defendants Antonio A. Trovato and Ricardo S. Trovato. (ECF Nos. 6, 7).

## I.   Background

On June 22, 2011, Plaintiff Aamco Transmissions, Inc. ("Aamco") initiated this action by filing a Complaint in this Court. (ECF Nos. 1, 4).

### A.   Allegations of the Complaint

On July 23, 2004, Plaintiff and Defendant Antonio Trovato "entered into a franchise agreement, pursuant to which [Antonio] Trovato ... was authorized to use and has been using the name and mark 'AAMCO' in connection with the operation of an automotive transmission repair center located at 3141 India Street, San Diego, CA 92103 ('Center')." (Compl. ¶ 6, ECF No. 1). "By way of an amendment to the Franchise Agreement, also dated July 23, 2004, [Defendant Ricardo] Trovato [Defendant Antonio Trovato's son] ... was added as a co-

franchisee to the Franchise Agreement." *Id.* ¶ 7.

"Under the Franchise Agreement, the Defendants are required to pay a weekly franchise fee to [Aamco] calculated as a percentage of the previous week's gross business sales from the Defendants' Center." *Id.* ¶ 8. "Along with their weekly franchise fee, Defendants are required to submit to [Aamco] an accurate weekly business report documenting the Center's sales. Defendants' weekly business report is used to calculate the weekly franchise fee." *Id.* ¶ 9. "[Aamco] requires its franchisees, including Defendants, to use official Aamco customer repair order receipts in their transactions with customers. Each repair order form has a control number assigned from [Aamco]. [Aamco]'s franchisees, including Defendants, are required to attach copies of each customer repair order receipt they issue during the preceding week to their weekly business report." *Id.* ¶ 11. The Franchise Agreement provides:

> Franchisee agrees to keep true and correct books and records according to directions of Aamco, and to employ such recordkeeping systems as Aamco may request.... Franchisee agrees to use exclusively numerically certified work or repair orders provided by Aamco. Franchisee further agrees to furnish to Aamco bank deposit slips, verification of cash receipts and any other documents or information requested by Aamco as part of standard auditing procedures....
>
> Aamco's representative may enter the Franchisee's center to inspect books and records to verify the accuracy of Franchisee's reports. Franchisee agrees to keep its books and records available in the center at all times, or to make them available there upon request by Aamco.

*Id.* ¶¶ 10, 15; *see also* Compl., Ex. A ¶¶ 11.1, 11.2, ECF No. 4.

"On February 11, 2011, [Aamco] was contacted by customer Vern Barney concerning a warranty problem he was having with the Defendants who had fixed his transmission at the Center." (Compl. ¶ 12, ECF No. 1). "Mr. Barney produced two ... non-[Aamco] authorized receipts issued by the Defendants to Mr. Barney which documented that Defendants were paid $2,400.00 for the repair transaction. Mr. Barney confirmed to [Aamco] that these receipts were the only paperwork that he was provided by the Defendants in connection with the repair." *Id.* ¶ 13. "Defendants had not reported Mr. Barney's repair transaction to [Aamco] and had not paid any franchise fee to [Aamco] in connection with the transaction." *Id.* ¶ 14.

"On February 22, 2011, [Aamco] sent two ... of its Field Auditors to the Center to inspect the books and records of the Defendants' Center business to verify the accuracy of

1 Defendants' business reports submitted to [Aamco]." *Id.* ¶ 16. "During the course of the site
2 audit, [Aamco]'s auditors discovered two ... non [Aamco] approved receipt books in a drawer
3 in the Center's office which contained receipts similar to the receipts provided by Mr. Barney."
4 *Id.* ¶ 17. "Upon discovering the receipt books, [Aamco]'s auditors requested to inspect and
5 copy the receipt books, which request Defendants refused without any credible explanation."
6 *Id.* ¶ 18.

7 "In a letter dated March 25, 2011, [Aamco] notified Defendants that they were in breach
8 if section 11.2 of the Franchise Agreement and required that Defendants cure said breach
9 within thirty ... days or face termination of the Franchise Agreement without further notice."
10 *Id.* ¶ 19.

11 "Defendants, through their attorney, ... responded in a ... letter dated April 22, 2011,
12 which denied that [Aamco] had any contractual or legal right to review Defendants' so-called
13 'private' records. The letter went on to state that Defendants had, nonetheless, 'enclosed the
14 original ledger sheets that were requested in [Aamco's] March 25, 2011 letter.'" *Id.* ¶ 20.
15 "The receipt books enclosed with [Defendants' attorney's] letter, referred to as 'ledger sheets'
16 ... contained receipts which [Aamco] now knows to be bogus. The bogus receipts provided
17 in [Defendants' attorney's] letter have been recreated to appear like real receipts, which real
18 receipts have not been provided by Defendants to [Aamco]." *Id.* ¶ 21. "Without the real
19 receipt books, [Aamco] has been denied its contractual right to inspect the Defendants' books
20 and records to verify the accuracy of the Defendants' weekly business reports." *Id.* ¶ 23.

21 In the first cause of action for breach of the Franchise Agreement, Plaintiff alleges that
22 Defendants breached the Franchise Agreement (a) "by failing to report sales and pay the
23 corresponding franchise fees due and owing to [Aamco]," and (b) "when Defendants denied
24 [Aamco]'s request to inspect their books and records at the Center." *Id.* ¶¶ 27, 28. Plaintiff
25 alleges that, "[a]s a result of Defendants' material breaches ..., [Aamco] has been damaged ...
26 in an amount ... believed to be in excess of seventy five thousand dollars...." *Id.* ¶ 30. In the
27 first cause of action, Plaintiff seeks compensatory damages and attorney's fees and costs.

28 In the second cause of action for fraud and deceit, Plaintiff alleges:

> Defendants knowingly submitted an understated weekly business report to [Aamco] and knowingly underpaid franchise fees due and owing to [Aamco] with the hope and intent that [Aamco] would rely on the understated business report as being accurate and would accept the underpayment of franchise fees as full payment, which [Aamco] did.
>
> Defendants further knowingly withheld receipts which they were required to produce under their audit obligations under the Franchise Agreement and, instead, provided bogus receipts with the hope and intention that [Aamco] would rely to its detriment on the bogus receipts.
>
> [Aamco], at least initially, did rely on Defendants' above mentioned fraudulent actions to their detriment.

*Id*. ¶¶ 34-36. In the second cause of action, Plaintiff seeks compensatory and punitive damages.

In the third cause of action for declaratory judgment, Plaintiff seeks a declaration that the Franchise Agreement is valid, and that "[Aamco] may lawfully terminate Defendants under the Franchise Agreement and California law for one or more of the breaches described in the above set forth Counts of this Complaint." *Id*. at 8.

**B.     Motion to Dismiss**

On August 8, 2011, Defendants filed the Motion to Dismiss. *See* ECF No. 6 (Motion to Dismiss filed by Defendant Antonio Trovato); *see also* ECF No. 7 (joinder in Antonio Trovato's Motion to Dismiss filed by Defendant Ricardo Trovato). Defendants move for the dismissal of the cause of action for breach of the Franchise Agreement on the basis that:

> The claim for allegedly under-reporting and paying the repair job clearly states the entire repair cost $2,400, however the breach cause of action alleges that the damages from this claim somehow exceed $75,000. This jump seems to indicate that there are other components of this breach of contract claim which were not specifically plead and against which the Trovatos cannot, at this time, formulate a defense.

(ECF No. 6-1 at 9). Alternatively, Defendants move for a more definite statement as to the first cause of action. *See id*. Defendants move for the dismissal of the first cause of action to the extent it alleges a breach of the inspection clause of the Franchise Agreement because "[t]he Complaint never alleges that the ledger sheets [Aamco]'s inspectors demanded were the sort of books and records contemplated by the inspection and audit clauses [of the Franchise Agreement]." *Id*. at 10. Defendants move for the dismissal of the second cause of action for fraud on the basis that it "does not meet the heightened pleading requirements of Fed. R. Civ.

P. 9(b)." *Id*. at 8. Defendants move to strike "clearly privileged settlement communications that are referenced in the Complaint," i.e., the April 22, 2011 letter from Defendants' attorney, pursuant to Federal Rule of Evidence 408.

On August 29, 2011, Plaintiff filed an opposition to the Motion to Dismiss. (ECF No. 8). Plaintiff contends that the allegations of the Complaint "more than meet the pleading requirements," and the April 22, 2011 letter from Defendants' attorney does not meet the requirements of Rule 408. *Id*. at 4.

On September 6, 2011, Defendants filed a reply in support of the Motion to Dismiss. (ECF No. 9).

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

For all allegations of fraud, Federal Rule of Civil Procedure 9(b) requires that "a party

1  ... state with particularity the circumstances constituting fraud," while "[m]alice, intent,
2  knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ.
3  P. 9(b). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific
4  enough to give defendants notice of the particular misconduct so that they can defend against
5  the charge and not just deny that they have done anything wrong. Averments of fraud must
6  be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns*
7  *v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quotations omitted).

8      Federal Rule of Civil Procedure 12(e) provides: "A party may move for a more definite
9  statement of a pleading to which a responsive pleading is allowed but which is so vague or
10 ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).
11 Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any
12 pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P.
13 12(f).

14 **III.   Discussion**

15     In the first cause of action, Plaintiff alleges that Defendants breached the Franchise
16 Agreement in two ways: (a) "by failing to report sales and pay the corresponding franchise fees
17 due and owing to [Aamco]," and (b) "when Defendants denied [Aamco]'s request to inspect
18 their books and records at the Center." (Compl. ¶¶ 27, 28, ECF No. 1). Plaintiff alleges that,
19 "[a]s a result of Defendants' material breaches ..., [Aamco] has been damaged" because
20 "[Aamco] has been underpaid franchise fees due and owing it under the Franchise Agreement,
21 and ... [Aamco] has been deprived of its contractual right to police and protect the integrity of
22 its franchise system." *Id.* ¶ 30. The Court finds that the first cause of action adequately alleges
23 a claim for breach of contract pursuant to the pleading standards of Federal Rule of Civil
24 Procedure 8(a)(2). *See Twombly*, 550 U.S. at 555-56. The Complaint adequately alleges
25 diversity subject matter jurisdiction pursuant to the pleading standards of Federal Rule of Civil
26 Procedure 8(a)(1). *See* 28 U.S.C. § 1332(a).

27     The second cause of action alleges a claim for fraud. "To determine if the elements of
28 fraud have been pleaded to state a cause of action [federal courts] look to state law. The

1  elements of a cause of action for fraud in California are: (a) misrepresentation (false
2  representation, concealment, or nondisclosure ); (b) knowledge of falsity (or 'scienter'); (c)
3  intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."
4  *Kearns*, 567 F.3d at 1126 (quotation omitted).  The Complaint alleges with particularity the
5  allegedly unreported customer transactions on January 31, 2011 and February 7, 2011, and
6  attaches a copy of the customer's receipts as an exhibit to the Complaint.  *See* Compl. ¶¶ 12-
7  14, ECF No. 1; *see also* Compl. Ex. B, ECF No. 4-1.  The Complaint alleges that "Defendants
8  knowingly submitted an understated weekly business report to [Aamco] and knowingly
9  underpaid franchise fees due and owing to [Aamco] with the hope and intent that [Aamco]
10 would rely on the understated business report as being accurate and would accept the
11 underpayment of franchise fees as full payment, which [Aamco] did."  Compl. ¶ 34, ECF No.
12 1.  The Complaint alleges with particularity the Defendants' alleged refusal to allow Aamco's
13 auditors to inspect and copy receipt books on February 22, 2011, and Defendants' submission
14 of allegedly "bogus" receipts on April 22, 2011.  *Id*. ¶¶ 16-22.  The Complaint alleges:

> Defendants ... knowingly withheld receipts which they were required to produce under their audit obligations under the Franchise Agreement and, instead, provided bogus receipts with the hope and intention that [Aamco] would rely to its detriment on the bogus receipts.
>
> [Aamco], at least initially, did rely on Defendants' above mentioned fraudulent actions to their detriment.

19 *Id*. ¶¶ 35-36.  The Court finds that the second cause of action adequately alleges a claim for
20 fraud pursuant to the pleading standards of Federal Rule of Civil Procedure 9(b).  *See Kearns*,
21 567 F.3d at 1124.

22        Federal Rule of Evidence 408 provides that "[e]vidence of the following is not
23 admissible ...: (1) furnishing or offering or promising to furnish ... a valuable consideration in
24 compromising or attempting to compromise the claim; and (2) conduct or statements made in
25 compromise negotiations regarding the claim...."  Fed. R. Evid. 408(a).  "[C]ourts have held
26 that Rule 408 is inapplicable when the claim is based upon some wrong that was committed
27 in the course of the settlement discussions; ... wrongful acts are not shielded because they took
28 place during compromise negotiations."  *Uforma/Shelby Bus. Forms, Inc. v. N.L.R.B.*, 111 F.3d

1284, 1293 (6th Cir. 1997) (quotation omitted); *see also* Fed. R. Evid. 408, advisory committee note, 2006 amendment (citing *Uforma/Shelby Bus. Forms*). The Complaint alleges that the receipts submitted with the April 22, 2011 letter from Defendants' attorney were "bogus," Compl. ¶ 22, ECF No. 1, and this allegation forms part of the basis of the fraud cause of action, *see id.* ¶¶ 21 ("The bogus receipts provided in [Defendants' attorney's] letter have been recreated to appear like real receipts, which real receipts have not been provided by Defendants to [Aamco]."), 35 ("Defendants ... knowingly withheld receipts which they were required to produce under their audit obligations under the Franchise Agreement and, instead, provided bogus receipts with the hope and intention that [Aamco] would rely to its detriment on the bogus receipts."). For the purposes of ruling on the Motion to Dismiss, the Court is required to accept the allegations of the Complaint as true. *See Twombly*, 550 U.S. at 555-56. Accordingly, the Court cannot find at this stage that the allegedly "bogus" receipts submitted with the April 22, 2011 letter constitute "*valuable* consideration." Fed. R. Evid. 408(a) (emphasis added). The Court finds that the allegations concerning the April 22, 2011 letter, and Plaintiff's filing of the letter as an attachment to the Complaint, do not violate Rule 408. *See Uforma/Shelby Bus. Forms*, 111 F.3d at 1293. The motion to strike all references in the Complaint to the April 22, 2011 letter is denied.[1]

**IV.   Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss is DENIED. (ECF No. 6).

DATED: September 28, 2011

                                      */s/ William Q. Hayes*
                                    **WILLIAM Q. HAYES**
                                    United States District Judge

---

[1] This Order does not constitute a ruling as to whether the April 22, 2011 letter is admissible at trial or at any other proceeding in this case.